NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1317
_____

FRANKLIN COLON

v.

GERALD ROZUM,
SUPERINTENDENT OF SCI SOMERSET;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
DISTRICT ATTORNEY OF THE COUNTY OF LEHIGH,

District Attorney of the County of Lehigh,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 5-11-cv-03921)
District Judge:  Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
November 3, 2015

BEFORE:  AMBRO, FUENTES, and NYGAARD, *Circuit Judges*

(Filed: May 17, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Appellant (the District Attorney of County of Lehigh) challenge the order of the District Court granting conditional habeas corpus relief to Franklin Colon. Appellants contend that the District Court erred by ruling that the use of a redacted statement during Colon's state-court trial violated the Confrontation Clause of the United States Constitution. They assert that the state court reasonably applied Supreme Court precedent here and, therefore, Colon's petition should be denied. We will affirm the grant of habeas corpus relief.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. On October 29, 2001, two men got out of a vehicle that was driven by a third man. These two men waited outside the Macy's store at the Lehigh Valley Mall, and eventually followed a woman who exited the store. They attempted to carjack her automobile, but during a struggle shots were fired and the woman was killed. The two men ran back to their car, and the third man drove them off. One of the men, Eliut Betancourt, turned himself over to police a few days after the incident and confessed his involvement in the crime. He later pleaded guilty to murder in the first degree, robbery-theft of a motor vehicle, robbery and criminal conspiracy. He received a sentence of life imprisonment.

Betancourt's statement led the police to two other men, Joey Gonzales and Franklin Colon. The state court denied Colon's motion to sever his trial from that of

2

Gonzales. Mid-way through the trial, the court overruled objections from both defendants—outside of the jury's presence—on the reading of statements that each made to police. Colon and Gonzales maintained that, since neither was testifying, reading the statements into evidence violated the Confrontation Clause. U.S. Const. Amend. VI. The state court overruled their objections, reasoning that the statements were redacted. The court also provided an instruction to the jury that the statement of one defendant could not be used as evidence to convict the other defendant. During deliberation, the jury requested a re-reading of Gonzales' statement.

The redaction of Gonzales' statement replaced Colon's name with the words "another person" and "other person." For our purposes, the key part of Gonzales' statement is as follows.

| | |
|---|---|
| D.A. Martin: | Ah, the group of you go up there, why did you go to the mall? |
| Gonzalez: | We, [Eliut] said he was gonna rob somebody. |
| D.A. Martin: | Okay. What was, what was he gonna rob them of? |
| Gonzalez: | I, I don't know. I think either their purse or, I didn't know… |
| D.A. Martin: | How about a car? He told you he was gonna rob a car. |
| Gonzalez: | Nah. |
| D.A. Martin: | Told you he wanted a car. |
| Gonzalez: | No, he didn't even tell me. No, for real… [U/I] |
| Det. Procanyn: | Think of this, why is *another person* driving [Eliut]'s car when the only person who ever drives the Honda is [Eliut], now think of that before you answer the question, why did you go to the |

3

|            |            |
|------------|------------|
|            | mall? Think about that, right? Think of the conversation. You guys talked about it going up to the mall. You're not gonna tell me a group of guys sitting in the car didn't say a word in the car. You guys all talked. You knew what the hell was gonna happen, didn't ya? |
| Gonzalez: | Not really. |
| Det. Procanyn: | You, what do you mean not really? |
| Gonzalez: | Not really, the, the gun all that, I knew he was gonna look, I thought, what I thought [Eliut] was gonna do is grab her purse or grab somebody's purse and then that's it. |
| Det. Procanyn: | Did he tell you that in the car on the way up? |
| Gonzalez: | He told me that he was gonna rob somebody's purse and stuff like that. |
| Det. Procanyn: | He told you that in the car while you were going up to the mall? |
| Gonzalez: | Yeah. |
| Det. Procanyn: | The *other person* heard that too? |
| Gonzalez: | Yeah. |

Gonzales' Statement, unnumbered pages 15-16 (emphasis added). Colon maintains that the substitution of "another person" and "other person" in this passage of the transcript was insufficient to insulate him from a jury's inference that it referred to him. There was, otherwise, no direct evidence that Colon knew Betancourt's intent to commit armed robbery.

Colon unsuccessfully raised the confrontation clause issue on direct appeal. *Com. v. Colon,* 846 A.2d 747 (Pa. Super. 2004). The Superior Court relied primarily upon

4

three United States Supreme Court cases (*Bruton, Richardson,* and *Gray*) and one

Pennsylvania Supreme Court case (*Travers*). *Bruton v. United States,* 391 U.S. 123, 134

(1968); *Richardson v. Marsh*, 481 U.S. 200 (1987); *Gray v. Maryland*, 523 U.S. 185

(1998)); *Com. v. Travers*, 768 A.2d 845 (Pa. 2001). In this habeas review, we consider

whether the state court unreasonably applied federal law as established by the United

States Supreme Court when it denied habeas relief.

We recently ruled in a case involving a criminal defendant's right "'to be

confronted with the witnesses against him.'" *Washington v. Sec'y Pa. Dep't of Corr.*, 801

F.3d 160, 165 (3d Cir. 2015) (quoting U.S. Const. Amend. VI). We summarized the very

same Supreme Court cases that are relevant here by saying:

> Taken together, the current state of the law is that there is a
> Confrontation Clause violation when a non-testifying
> codefendant's confession is introduced that names another
> codefendant, *Bruton,* 391 U.S. at 126, or that refers directly to
> the existence of the codefendant in a manner that is directly
> accusatory, *Gray,* 523 U.S. at 193–94. That is because such
> statements present a "substantial risk that the jury, despite
> instructions to the contrary, [will] look[ ] to the incriminating
> extrajudicial statements in determining [the defendant's]
> guilt." *Bruton,* 391 U.S. at 126. But there is no violation if the
> confession is properly redacted to omit any reference at all to
> the codefendant, making it more likely that the jury will be
> able to follow the court's instruction to disregard this
> evidence in rendering its verdict. *Richardson,* 481 U.S. at
> 208, 211.

*Id.* at 166. The Superior Court cited to, and relied upon, all of these cases, but the

Pennsylvania Supreme Court case (*Travers*) was obviously most critical to its analysis.

The *Travers* court denied a Sixth Amendment claim grounded in the use of a redacted

statement by saying: "[T]he redacted statement could become incriminating only through

5

independent evidence introduced at trial which established the defendant's complicity and, even then, only if it is assumed that the jury ignored the court's charge." *Travers*, 768 A.2d at 851. The Superior Court uses similar language and reasoning. It concluded:

> The statement given by Gonzalez describes a conspiracy between three individuals. Gonzalez occasionally refers to one of the other individuals as "Eliut" or "E," but Gonzalez never specifically identifies appellant. . . . The jury can only find that appellant was "the other person" through independent evidence. . . . Furthermore, the trial judge provided the jury with an appropriate limiting instruction not once, but twice . . . .

*Colon,* 846 A.2d at 752. The independent evidence referenced by the Superior Court was Colon's statement, introduced after Gonzales' statement. In it, Colon admitted he was in the car with Betancourt and "another person." This reasoning is an extension of a principle set out in *Richardson.* "Where the necessity of such linkage [to independent evidence] is involved, it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." *Richardson*, 481 U.S. at 208.

However, we previously said that it was not reasonable for the state court to adopt "a blanket rule, derived from *Travers,* that any redaction that would require a juror to consider an additional piece of information outside the confession in order to identify the coconspirator being referred to automatically falls inside the realm of *Richardson*." *Washington,* 801F.3d at 166. In our *Washington* decision from 2015, we concluded again that a redacted statement replacing the defendant's name with "the driver" was a violation of the confrontation clause because: the defendant had been identified as the driver in other testimony; it had strong corroborative value; and, it undercut

6

Washington's alibi that he was someplace else at the time. *Washington*, 801 F.3d at 163, 171.

Although the reference to "another person" in this case is less specific than the more direct reference to "the driver" in *Washington*, this distinction is not very meaningful in this case. This is so because the jury knew that: there were only three people in the car at the time of the crime; the statement was coming from Gonzales; Gonzales referred to the second person in the car (Betancourt) by name; and, finally, the jury knew from the prosecutor that Colon was the third person in the car. By a process of elimination, it was easy for the jury to infer that Colon was the person referenced when Gonzales was asked if the "other person" heard Betancourt say that "he was gonna rob somebody's purse and stuff like that." Although it might be technically correct to say, as the trial court decided when it referenced *Travers*, that the jury had to rely on the independent testimony of Colon's own admission that he was in the car to reach this conclusion, it does not change the fact that Gonzales' redacted statement still gave the jury new, incriminating information: the "other person" was aware of Betancourt's plan. And, particularly in the context of a joint-trial, the jury was readily able to attribute this incriminating information to Colon. This weighs heavily on our decision.

Accordingly, we conclude that the trial court unreasonably applied federal law as established by the Supreme Court. We are convinced in this case that there is "substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining [the defendant's] guilt. . . ." *Bruton,* 391 U.S. at 126. Moreover, the improperly admitted statement by Gonazles was the only

7

direct evidence that Colon knew of Betancourt's intent to commit armed robbery. Therefore it was critical to the prosecution's proof of Colon's agreement to the conspiracy. For this reason, we conclude that the District Court's error is not harmless. *Washington*, 801 F.3d at 171-72.

For all of these reasons, we will affirm the January 7, 2014 order of the District Court. Consistent with that order, the Commonwealth of Pennsylvania shall either release or retry Colon within 120 days of entry of this order.